UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

R. SCOTT MACDONALD,          )
    Plaintiff           )
                     )
        v.                  )     C.A. No. 15-13252-MLW
                     )
J. BROWN, INC. and JEFF BROWN,  )
    Defendants.         )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                September 16, 2016

    Defendants J Brown Inc.'s and Jeff Brown's motion to dismiss plaintiff R. Scott MacDonald's claim under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §207 <u>et seq</u>, is being denied because MacDonald has alleged a plausible claim that they violated the FLSA by failing to pay him overtime wages for time he worked in excess of forty-hours a week. <u>See Martinez v. Petrenko</u>, 792 F.3d 173, 174-75 (1st Cir. 2015).

    Defendants' motion to dismiss plaintiff's Massachusetts Wage Act claim, under M.G.L. c. 149, §150, is also not meritorious. Defendants assert that plaintiff did not give notice to the Massachusetts Attorney General 90 days before filing the complaint in this case, as required by §150. Plaintiff's complaint, in ¶14, alleges that he did ask the Attorney General for authorization to sue. In his Opposition to defendants' motion to dismiss, plaintiff states that the notice was given on "August 21, 2015,

contemporaneous with the filing of this Action." See Docket No. 10 at 3.

The Supreme Judicial Court has held that:

> [F]ailure to file a complaint with the Attorney General before initiating a private suit for alleged employment violations does not interfere with the accomplishment of the statutory purposes of §150 to a substantial degree, at least where the Attorney General is notified of the suit during its pendency.

Depianti v. Jan-Pro Franchising Int'l, Inc., 614, 990 N.E.2d 1054, 1062 (2013). Therefore, a plaintiff's "failure first to file a complaint with the Attorney General does not deprive the United States District Court of jurisdiction to consider his claims under G.L. . . . §150 . . ." Id.

In deciding defendants' motion to dismiss, the court must accept plaintiff's plausible allegations as true. See Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). As plaintiff has plausibly alleged he has notified the Attorney General of his §150 claim, the motion to dismiss for failure to exhaust administrative remedies is not meritorious. See Depianti, 614 N.E.2d at 1062.

In view of the foregoing, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (Docket No. 7) is DENIED.

2. This case is REFERRED to the Magistrate Judge for all pretrial purposes.

UNITED STATES DISTRICT JUDGE